UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Larisha Weems<br>17152 Greenwood Ave.<br>South Holland, IL 60473<br><br>        Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>        Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because Defendant resides in this judicial district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around June 6, 2008, Defendant telephoned Plaintiff's Mother-In-Law ("Mother").

10. During this communication, Defendant represented to Mother that Defendant was calling about a pending legal matter against Plaintiff.

11. During this communication, Mother notified Defendant that Plaintiff did not live with Mother and provided Plaintiff's telephone number to Defendant.

12. Despite having notice, Defendant telephoned Mother on or around June 10, 2008 and June 11, 2008.

13. On or around June 6, 2008, Defendant telephoned Plaintiff's Husband's Ex-Sister-In-Law ("Layla") and left a recorded voice message.

14. During this communication, Defendant stated that there was a pending legal matter against Plaintiff's social security number.

15. On or around June 6, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

16. During the communication referenced in Paragraph 17, Plaintiff notified Defendant that Plaintiff was represented by an attorney for bankruptcy and attempted to provide the law firm's contact information.

17. During this communication, Defendant prevented Plaintiff from providing Plaintiff's bankruptcy attorneys' information.

18. During this communication, Plaintiff notified Defendant that Plaintiff was not permitted to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to received Defendant's telephone calls at Plaintiff's place of employment.

19. Despite Plaintiff's notifications, Defendant telephoned Plaintiff's place of employment on or around June 10, June 11, June 12, and June 13, 2008.

20. On or around June 10, 2008, Plaintiff communicated with Defendant.

21. During this communication, Plaintiff again notified Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

22. During this communication, Plaintiff again notified Defendant that Plaintiff was not permitted to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to received Defendant's telephone calls at Plaintiff's place of employment.

23. During this communication, Defendant stated that Defendant was going to continue to call whoever Defendant wanted and threatened to sue Plaintiff for the amount of the debt.

24. On or around June 13, Plaintiff telephoned Defendant.

25. During this communication, Plaintiff again notified Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

26. At the time of these communications, Plaintiff was 8 ½ months pregnant.

27. During several of these communications, Defendant disclosed all or part of Plaintiff's social security number to persons other than Plaintiff.

28. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

29. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Work and Family.

50. The accusation of a crime and the threat of legal action to these parties is highly offensive.

51. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

54. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

55. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

56. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

57. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

58. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

59. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Jeffrey S. Hyslip*
Jeffrey S. Hyslip
Richard J. Meier
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
jsh@legalhelpers.com
rjm@legalhelpers.com
*Attorneys for Plaintiff*